McBRIDE, Judge.
Mrs. Fournier leased an apartment at 3202 St. Charles Avenue to plaintiff for the period commencing June 28, 1957, and ending June 30, 1958, at the rate of $125 *68 per month in advance. At the time of the confection of the agreement in addition to making the initial rent payment, the lessee deposited with Mrs. Fournier the sum of $125 to cover the rent which would accrue for the last month of the term, i. e., June 1958. However, during September 1957 by mutual agreement orally entered into, the lease was rescinded as of September 30, 1957, and we are satisfied that the advance payment intended to cover the rent for June 1958 was to be refunded to the tenant conditioned upon the ability of Mrs. Fournier to find another tenant for the apartment for the month of October 1957.
The evidence shows the lessee did not vacate the apartment by midnight of September 30 but remained therein nine hours overtime, moving at 9 o’clock the next morning. Mrs. Fournier refused to make the refund — hence this suit by plaintiff for the recovery thereof. Both Mrs. Four-nier and her husband were made defendants, and from an adverse judgment they have appealed.
The defense is that Mrs. Fournier “expected plaintiff to be responsible for the rent until another tenant was found,” and since no tenant was found for the month of October and whereas plaintiff did not vacate the premises until October 1, he is responsible for the rent for that month. In other words, the defendants take the position that they are entitled to retain the prepaid rental because plaintiff is responsible for October’s rent.
The record does not bear out these contentions of defendants. A refund was conditioned upon the ability of the landlord to find another tenant for the month of October 1957. We believe this connotes that Mrs. Fournier would make some effort to rent the apartment for said month, but she and her husband left New Orleans about the middle part of September and did not return until October 22, 1957. In view of the conditions surrounding the mutual cancellation of the lease, we think the duty rested upon Mrs. Fournier to make some bona fide attempt to find a new tenant for the month in question, but it does not appear what, if anything, was done by her.
The plaintiff did remain in the premises a few hours after the lease expired, but this-should not militate against his right of recovery for it is shown that the person representing the defendants who called upon the tenant for the keys on September 30, when told that the tenant could not move immediately, informed the tenant that it would be satisfactory for him to remain in the apartment until the next morning. Moreover such delay in vacating the premises had nothing whatever to do with the landlord’s failure to find another tenant.
It is not contended that there is error in the judgment because it runs against both Mrs. Fournier and her husband.
Therefore, the judgment appealed from is affirmed.
Affirmed.